IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-cv-410-RAH-JTA |
| ) | (WO) |
| JUNG HO SEA and AJIN USA, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 4, 2025, the court ordered *pro se* Plaintiff Christopher Russell to file two proposed summonses, one for each Defendant, so the Clerk of Court could effectuate service on Defendants Jung Ho Sea and Ajin USA. (Doc. No. 14.) Even after repeated extensions of time, Plaintiff has failed to comply with that Order. (*See* Docs. No. 16, 17, 20.)

For the reasons stated below, the undersigned recommends this action be dismissed without prejudice for failure to comply with court orders and to effect timely service.[1]

### I.   JURISDICTION

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.)

[2] It appears Plaintiff attempts to allege a racial discrimination claim under Title VII. (*See* Doc. No. 1 at 2.).

## II.     STANDARD OF REVIEW

A.     <u>Failure to Comply with Court Orders</u>

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and pursuant to Rule 41(b)[3] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556

---

[3] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

2

F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[4] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

---

[4] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

B. <u>Rule 4(m) of the Federal Rules of Civil Procedure</u>

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Such circumstances include "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." (*Id.*) "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." (*Id.*) The Eleventh Circuit requires the court to consider such factors, but the existence of any one factor, such as the running of the statute of limitations, is not determinative and "does not require that the district court extend time for service of process under Rule 4(m)." *Id.*; *Robinson v. Choice Hotels Int'l Serv. Corp. Serv. Co.*, No. 1:22-CV-3080-MHC, 2023 WL 3627861, at *8 (N.D. Ga. Apr. 13, 2023), *aff'd sub nom. Robinson v. City of Hollywood Police Dep't*, No. 23-11733, 2024 WL 983926 (11th Cir. Mar. 7, 2024).

4

## III.  FACTS

Plaintiff initiated this case over one year ago and the defendants have yet to be properly served. On July 12, 2024, Plaintiff filed his complaint against Defendants alleging racial discrimination. (Doc. No. 1.) Plaintiff alleged he filed a charge with the Equal Employment Opportunity Commission ("EEOC"), but did not attach a right to sue letter to his complaint. (*Id*. at 2.) Plaintiff also failed to pay the filing fee or file an application for leave to proceed *in forma pauperis*. Thus, the court ordered Plaintiff do either on or before August 14, 2024. (Doc. No. 4.) On October 17, 2024, the undersigned recommended dismissal for failure to comply with court orders and failure to prosecute this case. (Doc. No. 6.) On November 1, 2024, Plaintiff filed an objection, which the court construed as a motion for extension of time to file an *in forma pauperis* motion. (Docs. No. 7, 8.) The court granted the motion and vacated the October 17, 2024 Recommendation. (Doc. No. 8.) Plaintiff filed his *in forma pauperis* motion on November 26, 2024. (Doc. No. 9.) The court granted Plaintiff's *in forma pauperis* motion on January 21, 2025. (Doc. No. 11.)

On March 4, 2025, after resolving a discovery matter and conducting a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the court directed the Clerk of Court to proceed with service of process on Defendants. (Doc. No. 14.) The court further ordered Plaintiff to file one proposed summons for each Defendant so the Clerk could effectuate service on both Defendants. (*Id*.) Plaintiff returned improperly completed summonses on April 1, 2025. (Doc. No. 15.) Plaintiff also filed a Proof of Service form and a certified mail receipt, attempting to show service on Defendants. (*Id*. at 2–3.) On April 4, 2025, the court entered an order explaining the Proof of Service form and certified mail receipt were

insufficient to show proper service on Defendants. (Doc. No. 16.) The court noted that, for service via mail to be effective, a return receipt must be signed by each Defendant. (*Id.*) Consequently, the court ordered Plaintiff to file two properly completed summonses on or before April 14, 2025, for the Clerk of Court to effectuate service. (*Id.*) Plaintiff was reminded that he "**must comply with all applicable deadlines, this court's orders, the court's local rules, and the Federal Rules of Civil Procedure**" or else he would "**face sanctions, which could include monetary sanctions or dismissal of this case with or without prejudice.**" (*Id.* (emphasis in original).)

Plaintiff failed to meet the April 14 deadline. The court ordered thus Plaintiff to show cause and file two proposed summonses on or before May 23, 2025. (Doc. No. 17.) Plaintiff was warned that if he failed to file the two proposed summonses, the undersigned would "**recommend dismissal of this action for failure to prosecute and comply with court orders**." (*Id.* (emphasis in original).)

On May 27, 2025, Plaintiff filed a motion that the undersigned construed as a motion for extension of time to file proposed summonses and serve Defendants. (Doc. No. 19.) Plaintiff also filed a copy of the envelope he sent to Defendants, again attempting to show service. (*Id.* at 3.) On June 9, 2025, the court granted Plaintiff's motion for extension of time to file proposed summonses and serve Defendants. (Doc. No. 20.) The court restated that service via mail is not effective unless Plaintiff files a return receipt card signed by each Defendant.[5] (*Id.* at 2.) The court extended the deadline to file the proposed summonses

---

[5] Nothing on the docket indicates Plaintiff did not receive the two orders which informed him of the return receipt requirement. (*See* Docs. No. 16, 20.)

6

to July 3, 2025. (*Id*. at 3.) Yet again, Plaintiff was warned that if he failed to file two proposed summonses by the deadline, "the undersigned **will recommend dismissal of this action for failure to prosecute and comply with court orders**." (*Id*. (emphasis in original).) Despite the repeated warnings, to date, Plaintiff has failed to file the two proposed summonses.

On July 3, 2025, Plaintiff filed a document titled "Summons" that states he served Defendants by mail on May 22, 2025. (Doc. No. 21.) Again, Plaintiff attached two Proof of Service forms stating he served the Defendants by mail. (*Id*. at 2–3.) Plaintiff did not attach signed return receipts nor file proposed summonses. Hence, the Clerk of Court has not served Defendants via certified mail, and Defendants have not appeared in this case.

### IV.   DISCUSSION

A.   <u>Failure to Comply with Court Orders</u>

This action is due to be dismissed without prejudice because Plaintiff failed to comply with court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).[6] The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the

---

[6] Plaintiff was repeatedly warned if he failed to comply with court orders, this case would be dismissed. (*See* Docs. No. 16, 17, 20.)

District Courts." (*Id.*) It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (*Id*. at 630–31.) In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Here, Plaintiff has repeatedly failed to comply with court orders to provide *two* proposed summonses, one *per each Defendant*.[7] Plaintiff has been granted multiple extensions in this action due to his failures. Despite clear warnings, to date, Plaintiff has failed to properly file the required summonses. Because of Plaintiff's history of noncompliance, the undersigned finds a clear record of delay that adversely affects court efficiency. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Accordingly, a lesser sanction than dismissal would not suffice to induce Plaintiff to comply with court orders. Plaintiff's history in this action and his forewarning demonstrate the need for an assertive sanction. *See Mingo*, 864 F.2d at 102.

B. Failure to Serve Defendants

This action is also due to be dismissed for failure to timely serve Defendants under Rule 4(m). A plaintiff must serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within this period, the court "must dismiss the

---

[7] Plaintiff has been ordered to file the summonses multiple times without remedying service. (Docs. No. 14, 16, 17, 20).

action without prejudice against that defendant." *Id*. If Plaintiff shows good cause for the failure, the court "must extend the time for service for an appropriate period." *Id*.

Although Plaintiff did not serve Defendants within 90 days of filing his complaint, the initial delay in service was due to the court ordering the Clerk of Court to defer service on Defendants until the court conducted a 28 U.S.C. § 1915(e) review of Plaintiff's complaint. (Doc. No. 11.) On March 4, 2025, the court directed the Clerk of Court to serve Defendants according to procedure "as soon as possible." (Doc. No. 14.)[8] In order for the Clerk of Court to effectuate service, the court ordered Plaintiff to file two proposed summonses. (*Id*.) After Plaintiff filed incorrectly completed summonses, the court repeatedly extended the deadline to file the summonses and have the Clerk of Court serve Defendants. (*See* Docs. No. 16, 17, 20.) Though Plaintiff attempted to serve Defendants himself, the court repeatedly informed Plaintiff the documents he submitted were not sufficient to show service on Defendants. (Docs. No. 16, 20.) Nonetheless, Plaintiff again filed the same documents purporting to show service on Defendants. (Doc. No. 21.) Because the court has repeatedly extended the deadline for service and explained to Plaintiff the documents he submitted to the court were insufficient to show service on

---

[8] When a plaintiff proceeds *in forma pauperis*, "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) (the court must order a United States Marshal or a person specially appointed by the court to serve defendants when "the plaintiff is authorized to proceed *in forma pauperis*"). Dismissal under Rule 4(m) is inappropriate when the failure to effect service is not due to the fault of the *in forma pauperis* plaintiff. *See Richardson v. Johnson*, 598 F.3d 734, 738–39 (11th Cir. 2010) ("The failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." (quotations omitted)). Here, Plaintiff did not provide properly completed summonses for the Clerk of Court, the person specially appointed by this court, to effectuate service. Thus, dismissal under Rule 4(m) is warranted.

9

Defendants, Plaintiff has not shown good cause for failing to file summonses or properly serve Defendants within the time limits set by the court.

Although the undersigned finds Plaintiff has not shown good cause for failure to properly serve Defendants, the court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey,* 476 F.3d at 1282. This includes the statute of limitations. *Id*. A claimant has 90 days from receipt of the notice of dismissal and right to sue letter from the EEOC to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1). Plaintiff did not file his right to sue letter from the EEOC. Nonetheless, because Plaintiff filed this suit over a year ago, the undersigned concludes Plaintiff's 90 days to file a lawsuit have passed. "[T]he filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007) (affirming dismissal of Title VII claims, in part, because the complaint was filed beyond the 90-day statute of limitations and the plaintiff's previous lawsuit that was dismissed without prejudice did not toll the limitations period) (citing *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993)). Thus, the 90-day statute of limitations may bar Plaintiff from refiling his suit. Yet, the running of the statute of limitations "does not require that the district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282. Although the statute of limitations has run, given the repeated extensions to file summonses and serve Defendants, the undersigned concludes another extension of time would be futile.

Because Plaintiff has repeatedly failed to file corrected summonses for the Clerk of Court to serve Defendants within the time limits set by the court, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 4(m).

## V.   CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **August 26, 2025,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of August, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE